UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW ZEITOUNI, JAMES MARTIN,
DJEMS ANTOINE, MARCO PAZ
and JONATHAN MENEDEZ on behalf of
themselves and on behalf of all
others similarly situated,

 Plaintiffs,

v.

TEJAS PATEL, WILLIAM WILLIAMS
and PREMIER TAMPA AIR, LLC,

 Defendants.
_____/

Case No. 8:16-cv-00837-SDM-AEP

## SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT AND FLORIDA COMMON LAW WAGE CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIMS AND FLORIDA COMMON LAW WAGE CLAIMS ("Agreement") is entered into by ANDREW ZEITOUNI, JAMES MARTIN, DJEMS ANTOINE, MARCO PAZ, and JONATHAN MENENDEZ (collectively, "Plaintiffs"); and TEJAS PATEL and WILLIAM WILLIAMS (collectively, "Defendants").[1]

WHEREAS, Plaintiffs filed the above-styled civil lawsuit against Defendants and their former employer PREMIER TAMPA AIR, LLC ("the Lawsuit"); and

WHEREAS the parties also agree that they wish to resolve, fully and finally, all claims set forth in Lawsuit.

NOW, THEREFORE in exchange for the promises and considerations set forth below, the

---

[1] Defendant PREMIER TAMPA AIR, LLC ceased operations in January 2016.

1

sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The payments set forth in paragraph 2 below, constitute full payment of: (1) all of Plaintiffs' alleged unpaid overtime wages, liquidated damages, and attorneys' fees for Plaintiffs' claims under the Fair Labor Standards Act in the above-styled lawsuit; and (2) full payment of all of Plaintiffs' alleged unpaid wages under Florida common law, as claimed in the above-styled Lawsuit. Plaintiffs and Defendants agree to file with the Court a Motion for Approval of the terms of this Settlement Agreement and whatever other documents are necessary to seek dismissal of Plaintiffs' claims, with prejudice.

2. In consideration of promises contained herein, Defendants agree to pay Plaintiffs as follows:

   (a) Defendants will pay to Plaintiffs the following amounts for alleged unpaid wages under the FLSA and Florida common law, minus standard withholdings and payroll taxes, for which each of the Plaintiffs will provide a, IRS W-4 form, and for which an IRS Form W-2 shall issue to each of the Plaintiffs:

   (i) Jonathan Menendez: $880.00

   (ii) Andrew Zeitouni: $526.50

   (iii) Djems Antoine: $342.24

   (iv) James Martin: $563.20

   (iv) Mauricio Paz: $576.00

   (b) Defendants will pay to Plaintiffs the following amounts for alleged liquidated damages, for which each of the Plaintiffs will provide an IRS form W-9 and for which an IRS Form 1099 shall issue to each of the Plaintiffs:

   (i) Jonathan Menendez: $880.00

    (ii) Andrew Zeitouni: $526.50

    (iii) Djems Antoine: $342.24

    (iv) James Martin: $563.20

    (iv) Mauricio Paz: $576.00

  (c) Defendants will pay $3,000.00 (three thousand dollars) to the law firm of Wenzel Fenton Cabassa, P.A. for attorney's fees and costs, for which IRS Form 1099 shall issue to Plaintiffs' counsel for $3,000.00, and for which an IRS Form 1099 shall issue to each of the Plaintiffs for $600.00, for each Plaintiff's portion of the attorney's fees and costs. The parties agree and acknowledge that the amount of fees and costs was negotiated separately from the amounts set out in sub-paragraphs (a) and (b), above, and that the fees are reasonable.

  3. Defendants shall pay the amounts set forth in paragraph 2, above, 15 business days after the Court has entered an order approving the settlement of this matter and dismissing the case with prejudice.

  4. In exchange for and in consideration of the payments set forth in paragraph 2 (a) and (b) above, each of the Plaintiffs, for themselves, their heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases Tejas Patel and his heirs, executors, administrators, successors and assigns, William Williams and his heirs, executors, administrators, successors and assigns, Premier Tampa Air, LLC and its affiliates, subsidiaries, parents, assigns, and related individuals, including but not limited to, their boards of directors, shareholders, officers, employees, members, partners, agents, attorneys, insurers, representatives, heirs, successors and assigns (collectively, the "Released Parties") from any and all alleged violation of the Fair Labor Standards Act and/or any cause of action for wages arising under Florida common law.

5.  For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiffs understand and agree that they are responsible to pay any taxes due, associated with the payments identified in paragraph 2.

6.  This Agreement is not, in any way, an admission by any party of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing Plaintiffs' employment with Defendant(s). Defendants deny having committed any violation of law.

8.  Except as provided herein, the parties are solely responsible for their respective costs and fees incurred as a result of the disputes in the above-styled cause of action.

9.  The law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida. In the event any party initiates legal action against another related to the settlement and/or this Agreement, the prevailing party shall be entitled to recovery of the prevailing party's attorney's fees and costs.

10. This Agreement is effective upon execution but also is subject to approval by the Court. If the Court does not allow a settlement under the terms submitted to it, this Agreement is void and the parties shall execute whatever documents are necessary to comply with the Court's requirements or proceed with the litigation.

11. This Agreement may not be amended except by written amendment signed by all parties.

12. Plaintiffs acknowledge that by entering into this Agreement, Plaintiffs do not waive FLSA rights or claims that may arise after the date this Agreement is executed.

13. Plaintiffs have been advised to consult an attorney before entering into this Agreement, and Plaintiffs have in fact consulted with their attorney.

14. Plaintiffs affirm that they have carefully read this entire Agreement and fully

4

understand all the terms contained herein, including, but not limited to, the fact that it is a full, complete, irrevocable and unconditional release of all their claims under the Fair Labor Standards Act, and under Florida common law, for claims of unpaid wages, up to the date they execute this Agreement against Defendants or any of the Released Parties and that they execute this Agreement voluntarily with full knowledge of its significance and the consequences thereof.

EACH OF THE UNDERSIGNED PLAINTIFFS AFFIRMS THAT HE HAS CAREFULLY READ THIS ENTIRE AGREEMENT AND FULLY UNDERSTANDS ALL THE TERMS OF THIS AGREEMENT AND THAT HE EXECUTES THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF. EACH OF THE UNDERSIGNED PLAINTIFFS HAS BEEN ADVISED TO CONSULT AN ATTORNEY BEFORE ENTERING INTO THIS AGREEMENT AND HE IN FACT DID CONSULT WITH HIS ATTORNEY.

_____
Jonathan Menendez

_____
Andrew Zeitouni

_____
Djems Antoine

_____
James Martin

_____
Mauricio Paz

understand all the terms contained herein, including, but not limited to, the fact that it is a full, complete, irrevocable and unconditional release of all their claims under the Fair Labor Standards Act, and under Florida common law, for claims of unpaid wages, up to the date they execute this Agreement against Defendants or any of the Released Parties and that they execute this Agreement voluntarily with full knowledge of its significance and the consequences thereof.

EACH OF THE UNDERSIGNED PLAINTIFFS AFFIRMS THAT HE HAS CAREFULLY READ THIS ENTIRE AGREEMENT AND FULLY UNDERSTANDS ALL THE TERMS OF THIS AGREEMENT AND THAT HE EXECUTES THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF. EACH OF THE UNDERSIGNED PLAINTIFFS HAS BEEN ADVISED TO CONSULT AN ATTORNEY BEFORE ENTERING INTO THIS AGREEMENT AND HE IN FACT DID CONSULT WITH HIS ATTORNEY.

_____
Jonathan Menendez

_____
Andrew Zeitouni

_____
Djems Antoine

_____
James Martin

_____
Mauricio Paz

5

DocuSign Envelope ID: 037E38A6-6886-4E9F-9773-3080A3BDBD9D

**For Defendants:**

By: _____
       Signature

Printed Name _____

Date _____


By: _____
       Signature

Printed Name _____

Date _____

26622718.1

6